UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

LUIS C. MADARIAGA,
and other similarly situated individuals,

     Plaintiff (s),

v.

EM RESTORATION, INC,
EFRAIN MARTINEZ
and JULIANA MARTINEZ, individually

     Defendants.

_____/

**<u>COMPLAINT</u>**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

    COMES NOW the Plaintiff, LUIS C. MADARIAGA, and other similarly situated individuals, by and through the undersigned counsel, and sues Defendants EM RESTORATION, INC, EFRAIN MARTINEZ, and JULIANA MARTINEZ, individually and alleges:

1.  This is an action to recover money damages for unpaid half-time overtime wages under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2.  Plaintiff LUIS C. MADARIAGA is a resident of Broward County, Florida, but he worked in Miami, Florida, within this Honorable Court jurisdiction and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant EM RESTORATION, INC (hereinafter EM RESTORATION, or Defendant) is a Florida Profit Corporation having a place of business in Dade County, Florida. Defendant was and is engaged in interstate commerce.

4. The individual Defendants EFRAIN MARTINEZ and JULIANA MARTINEZ were and are now the owners/partners and operators of EM RESTORATION. These individual Defendants were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Dade County, Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff LUIS C. MADARIAGA as a collective action to recover from Defendants regular wages, overtime compensation, liquidated damages, retaliatory damages, reasonable attorney's fees, and costs under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after October 2020, (the "material time") without being compensated overtime wages pursuant to the FLSA.

7. Defendant EM RESTORATION is a construction company specializing in restoring commercial and residential properties damaged by water, fire, and mold. Defendants maintain a place of business at 20855 NE 16 Avenue, Miami Florida 33179, where Plaintiff worked.

8.  Defendants EM RESTORATION, EFRAIN MARTINEZ, and JULIANA MARTINEZ employed Plaintiff LUIS C. MADARIAGA as a construction employee from October 27, 2020, to  May 08, 2021, or 27 weeks.

9.  During the relevant time of employment, Plaintiff was a non-exempted, full-time, hourly employee.  Plaintiff had duties as a painter. Plaintiff was paid at the rate of $20.00 and $23.00 an hour.

10. While employed by Defendants, Plaintiff had a regular schedule and worked six days per week. Plaintiff worked from Mondays to Sundays from 7:30 AM to 4:00 PM (8.5 hours daily) for a minimum of 48 hours weekly. Plaintiff has already deducted 3 hours of lunch (0.5 x 6 days = 3 hours). Sometimes, Plaintiff stayed working late.

11. Plaintiff worked more than 40 hours every week, and he was paid for all his working hours, but at his regular rate.  Plaintiff was not paid for overtime hours.

12. Plaintiff did not clock in and out, but the owners of the business were able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

13. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

14. Plaintiff was paid bi-weekly with checks and paystubs.

15. On or about May 08, 2021, Plaintiff stopped working for Defendants.

16. Plaintiff is not in possession of time and payment records, but he will provide a preliminary good faith estimate of his unpaid overtime hours. Plaintiff will adjust his calculations after proper discovery.

17. Plaintiff LUIS C. MADARIAGA seeks to recover payment for half-time overtime hours, liquidated damages, and any other relief as allowable by law.

18. The additional persons who may become Plaintiffs in this action are/were non-exempted hourly employees who worked more than forty (40) hours during one or more workweeks during the relevant period but who did not receive minimum wages and overtime pay at one and one-half times their regular rate for hours worked over forty (40) hours.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION of 29 U.S.C. § 207 (a)(1); FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

19. Plaintiff LUIS C. MADARIAGA re-adopts every factual allegation stated in paragraphs 1-18 above as if set out in full herein.

20. This action is brought by Plaintiff LUIS C. MADARIAGA, and those similarly situated, to recover from his employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

21. The employer EM RESTORATION was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a construction and restoration company. Defendant has more than two employees directly and recurrently engaged in interstate commerce. Upon information and belief,

the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is enterprise coverage.

22. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by working in facilities providing services in interstate commerce. In addition, Plaintiff handled and worked on goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

23. Defendants EM RESTORATION, EFRAIN MARTINEZ, and JULIANA MARTINEZ employed Plaintiff LUIS C. MADARIAGA as a construction employee from October 27, 2020, through May 08, 2021, or 27 weeks.

24. During the relevant time of employment, Plaintiff was a non-exempted, full-time, hourly employee.  Plaintiff had duties as a painter. Plaintiff was paid at the rate of $20.00 and $23.00 an hour.

25. While employed by Defendants, Plaintiff had a regular schedule. Plaintiff worked six days per week, a minimum of 48 hours or more. There were some weeks in which Plaintiff worked more than 48 hours.

26. Plaintiff worked more than 40 hours every week, and he was paid for all his working hours, but at his regular rate.  Plaintiff was not paid for overtime hours.

27. Plaintiff did not clock in and out, but the business owners were able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

28. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

29. Plaintiff was paid bi-weekly with checks and paystubs.

30. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the possession and custody of Defendants.  However, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class upon information and belief.

31. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

32. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

33. Before the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages are as follows:

    *Plaintiff is not in possession of time and payment records, and he is providing this preliminary good faith estimate of the unpaid overtime. Plaintiff will amend his calculations after proper discovery.

a.  Total amount of alleged unpaid O/T wages:

    Two Thousand Three Hundred Seventy-Six Dollars and 00/100 ($2,376.00)

b.  Calculation of such wages:

    Total time of employment: 27 weeks

    1.- Overtime from October 27, 2020, to December 31, 2020=9 weeks

    Total relevant number of weeks: 9 weeks
    Total hours worked: 48 hours weekly
    Total unpaid overtime hours: 8 hours
    Wage rate: $20.00 an hour x 1.5= $30.00 an O/T hour
    O/T wage rate $30.00-$20.00 O/T wage rate paid = $10.00 half-time diff.

Half-time diff.: $10.00 x 8 O/T hours=$80.00 weekly x 9 weeks=$720.00

2 .- Overtime from January 01, 2021, to May 08, 2021=18 weeks

Total relevant number of weeks: 18 weeks
Total hours worked: 48 hours weekly
Total unpaid overtime hours: 8 hours
Wage rate: $23.00 an hour x 1.5= $34.50 an O/T hour
O/T wage rate $34.50-$23.00 O/T wage rate paid = $11.50 half-time diff.

Half-time $11.50 x 8 O/T hours=92.00 weekly x 18    weeks=$1,656.00

Total # 1 and # 2: $2,376.00

c.  Nature of wages (e.g., overtime or straight time):

This amount represents unpaid half-time overtime wages.

34. At all times material hereto, the Employers/Defendants failed to comply with Title 29

U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. In that, Plaintiff and those

similarly situated performed services and worked more than the maximum hours

provided by the Act. Still, the Defendants made no provisions to properly pay him at

the rate of time and one half for all hours worked over forty hours (40) per workweek

as provided in said Act.

35. Defendants knew and showed reckless disregard of the provisions of the Act

concerning the payment of overtime wages as required by the Fair Labor Standards

Act. Plaintiff and those similarly situated are entitled to recover double damages.

36. At times mentioned, individual Defendants EFRAIN MARTINEZ and JULIANA

MARTINEZ were, and are now, the owners/directors and managers of Defendant

Corporation EM RESTORATION. The Individual Defendants EFRAIN MARTINEZ

and JULIANA MARTINEZ were the employers of Plaintiff and others similarly

situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29

U.S.C. § 203(d)]. In that, these individual Defendants acted directly in EM RESTORATION's interest concerning its employees, including Plaintiff and others similarly situated. Individual Defendants EFRAIN MARTINEZ and JULIANA MARTINEZ had absolute operational control of EM RESTORATION, and they are jointly and severally liable for Plaintiff's damages.

37. Defendants EM RESTORATION, EFRAIN MARTINEZ, and JULIANA MARTINEZ willfully and intentionally refused to pay Plaintiff LUIS C. MADARIAGA overtime wages as required by the United States law and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

38. Plaintiff seeks to recover unpaid half-time overtime wages, liquidated damages, and any other relief as allowed by law.

39. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff LUIS C. MADARIAGA and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff LUIS C. MADARIAGA and other similarly situated and against the Defendants EM RESTORATION, EFRAIN MARTINEZ, and JULIANA MARTINEZ, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff LUIS C. MADARIAGA an equal amount in double damages/liquidated damages; and

D. Award Plaintiff LUIS C. MADARIAGA reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff LUIS C. MADARIAGA and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

DATED:  May 31, 2021

Respectfully Submitted,

By: _/s/ **Zandro E. Palma**_
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*